UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                              Case No. 07-20159
-vs-                                      HON. AVERN COHN

SAMER BEIDOUN, et al.,

    Defendants.
                                    /


## ORDER REGARDING RESTITUTION

This is a criminal case. Defendant pled guilty to the following offenses:

    Count 1    Conspiracy to Use a Means of Identification of Another Person with Intent to Commit Access Device Fraud, in violation of 18 U.S.C. §1028(f)

    Count 2    Unauthorized Use Of An Access Device - Aiding and Abetting, in violation of 18 U.S.C. §§1029(a)(2) and 2

    Count 3    Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. §§1344 and 371

Defendant was sentenced to a custody term of 15 months. The amount of restitution defendant is required to pay was deferred for a separate decision. The government and defendant have submitted memorandums setting forth their positions on restitution.

Defendant, a bank teller, essentially identified to others a bank account which had a balance in excess of $150,000.00. The others were successful through the use of false identification to withdraw $150,000.00 from the account.

Although defendant contends he was less culpable and therefore should be required to pay only a portion of the amount of the loss, the defendant was equally responsible for the account holder, the victim, losing $150,000.00. Under the

circumstances, defendant is jointly and severally responsible to make restitution to the victim in the full amount of the $150,000.00 loss.

The government shall promptly advise the Court of the name of the victim as well as the names of the others responsible so that an Amended Judgment In A Criminal Case may be entered reflecting defendant's restitution obligation.

Defendant shall not be responsible for payment of restitution while in the custody of the Bureau of Prisons. During supervised release, the Probation Department and defendant shall agree on periodic restitution payments. If there is disagreement, the Court will decide the payment schedule. Obviously, it will not be possible to complete payment during the period of supervised release.

SO ORDERED

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 10, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 10, 2008, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160